UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**AMY VENEMA,** an individual,
**TIMOTHY VENEMA**, an individual,

          Plaintiff,

v.

**KIMBERLY BODE**, an individual,
          Defendant.

Hon.
Case No.

**AVANTI LAW GROUP, PLLC**
Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

**There is a pending civil action in this Court arising out of the transaction or occurrence alleged in the Complaint. Case No. 1:23-cv-00316**

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiffs, by and through their attorneys at the Avanti Law Group, PLLC, and in their Original Complaint state as follows:

1. This is a civil action brought on behalf of Mr. & Mrs. Venema to recover for Bode's willful and knowing violation of the anti-retaliation provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §215(a)(3) due to her filing of retaliatory meritless civil claims as well as pursuing criminal charges against the Venemas in retaliation for the exercise of their rights under the FLSA.

2. Mr. & Mrs. Venama seek a declaration that their rights were violated, an award of all legal and equitable relief including exemplary, compensatory and punitive damages along with an award of attorney's fees and costs to make them whole for damages suffered.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

5. Plaintiff Amy Venema is an individual who at all times relevant to this complaint resided in the County of Ottawa, state of Michigan.

6. Mrs. Venema worked for Bode at her company from September 3, 2019 to March 1, 2023.

7. Plaintiff Timothy Venema is an individual who at all relevant times resided in the County of Ottawa, state of Michigan.

8. Mr. Venema is married to Amy Venema and was married to her during her employment with Defendant.

9. Plaintiffs have executed a consent to sue form, attached hereto as *Exhibit A*.

10. Defendant Kimberly Bode ("Bode") is an individual who at all times relevant to this complaint was the direct supervisor of Mrs. Venema and sole owner of 8ThirtyFour, where Mrs. Venema was employed.

11. Bode employed Mrs. Venema within the meaning of 29 U.S.C. § 203(g).

## FILING OF LAWSUIT FOR WAGE THEFT AND UNLAWFUL RETALIATION

12. On March 28, 2023, Mrs. Venema filed a complaint in the United States District Court for the Western District of Michigan against Bode and her company for alleged violations of her rights under the Fair Labor Standards Act. (Case No. 1:23-cv-00316)

13. In that litigation, Mrs. Venema alleges that she:

    a. was not properly compensated for all hours worked during her employment;

    b. was not paid her wages due on time;

    c. did not receive wages at all in several workweeks during her employment;

    d. was retaliated against for complaining about her unpaid wages in the form of termination from employment.

## BODE'S RETALIATORY FILING OF CIVIL LITIGATION

14. In direct response to the filing of her lawsuit, Bode filed a lawsuit in the Ottawa County Circuit Court against Mr. and Mrs. Venema on May 19, 2023. (Case No. 23-7824-CB before Hon. Jon A. Vallsburg)

15. In that lawsuit, Bode claimed that the allegations in the complaint did not arise under the same transaction or occurrence as the then pending litigation reference in paragraph 12.

16. Bode brought seven counts against Mr. & Mrs. Venama as follows:

    a. Statutory and Common Law Conversion;

    b. Silent Fraud;

    c. Fraudulent Misrepresentation;

    d. Breach of Fiduciary Duty;

    e. Breach of Master-Servant Relationship;

    f. Civil Conspiracy; and

    g. Unjust Enrichment.

17. The allegations purporting to support these counts were in fact based on the same transactions and occurrences as the litigation already pending before this Court as alleged in paragraph 15.

18. The allegations purporting to support Defendant's claims against Mr. & Mrs. Venama were false, completely without merit and frivolous.

19. Defendant knew or should have known that those allegations purporting to support their claims were false, completely without merit and frivolous.

20. The purpose of the filing of the complaint against Mr. & Mrs. Venama and these false and meritless allegations was to intimidate them in retaliation for Mrs. Venema having pursued her rights under the Fair Labor Standards Act.

21. This state litigation was ultimately dismissed under an agreement between the parties that permitted the Defendant to pursue their claims as counterclaims in the federal litigation then pending in this Court.

22. The exact same allegations and counts that were brought in the state action were refiled in the federal litigation referenced above in paragraph 12 as a counterclaim. (ECF 21)

23. Those same allegations and claims made against the Mr. & Mrs. Venama in that matter were false, completely without merit and frivolous.

24. Bode, having had an opportunity to not pursue these false, meritless and frivolous claims any further, continued these counterclaims to Plaintiff Amy Venema's initial wage theft complaint referenced in paragraph 12.

25. Additionally, the defenses raised by the Bode to Mrs. Venema's claims in the case referenced in paragraph 12 are similarly false, completely without merit and frivolous.

### BODE'S FILING OF CRIMINAL CHARGES

26. In conjunction with the filing of frivolous civil claims against Mr. & Mrs. Venama, Defendant Bode filed a criminal complaint with local law enforcement against Mr. & Mrs. Venama alleging that they embezzled and conspired to embezzle funds from Bode.

27. Bode's intent in making these false allegations was to intimidate Mr. & Mrs. Venama into dismissing Mrs. Venema's complaint for unpaid wages and retaliation as referenced in paragraph 12.

28. Bode knew that these allegations were false, completely without merit and frivolous.

29. In fact, Bode was aware that the Kent County Prosecutor's office has now twice denied, on May 15, 2023 and August 22, 2023 to pursue criminal charges against Mr. & Mrs. Venama.

30. Despite this knowledge, Defendant Bode continued to utilize the threat of criminal charges against Mr. & Mrs. Venama in the defense she presented as to the wage theft and retaliation claims referenced in paragraph 12.

31. On December 27, 2023 Bode, via her counsel, stated specifically that "*Obviously, should a resolution be reached, I believe (as part of that resolution), that Ms. Bode would be willing to drop her pursuit of criminal prosecution*."

32. Defendant Bode knew that the prosecutor's office had already twice declined to pursue criminal charges against Mr. & Mrs. Venama and yet she continued to wield that threat as a sword and shield throughout the litigation referenced in paragraph 12.

33. Bode even alleged to have proof of the criminal actions of Mr. & Mrs. Venema via a forensic audit conducted by a former FBI accountant and wielded that alleged proof throughout the litigation as a threat to intimidate and harass Mr. & Mrs. Venema into withdrawing the claims brought in the litigation referenced in paragraph 12.

34. Bode was seemingly willing to withdraw her criminal allegations as part of a settlement of the claims brought in the litigation referenced in paragraph 12.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq., RETALIATION

35. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

36. At all relevant times to this action, Bode has been the "employer[s]" of Mrs. Venema within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all relevant times, Mrs. Venama was an "employee" of Bode as the term is defined under the FLSA.

38. At all times relevant to this action, Bode "suffered or permitted" Mrs. Venema to work and thus "employed" her within the meaning of FLSA, 29 U.S.C. §203(g).

39. Bode filed the civil claims against Mr. Mrs. Venema in direct response to Mrs. Venema's filing of the litigation referenced in paragraph 12.

40. Bode initially filed and pursued criminal charges against Mr. & Mrs. Venema in direct response to Mrs. Venema's filing of the litigation referenced in paragraph 12.

41. Bode continued to pursue criminal charges against Mr. & Mrs. Venema despite the charges being denied/rejected by the local prosecutor's office as a means of retaliating against them for the filing of the litigation referenced in paragraph 12.

42. The FLSA under 29 U.S.C. § 215(a)(3) prohibits retaliation against an employee who "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA.

43. Section 216(b) of the FLSA establishes a right of action against "[a]ny employer who violates the provisions of section 215(a)(3) of this title."

44. Bode retaliated against Mr. and Mrs. Venema by pursuing meritless, false and frivolous claims and criminal charges against Mr. & Mrs. Venema.

45. As a direct, foreseeable, and proximate result of Bode' actions, Mr. & Mrs. Venema has incurred and continues to incur expenses, including attorneys' fees and costs.

46. As a result of this violation, Plaintiff is entitled to legal and equitable relief including exemplary, compensatory, and liquidated damages, as well as her reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Bode complained of herein be adjudicated, decreed, and declared retaliatory and a violation the FLSA;

B. Compensatory damages for the emotional distress caused by Bode's retaliatory actions;

C. Bode be ordered to pay Mr. & Mrs. Venema liquidated damages for the violation;

D. Bode be ordered to pay Mr. & Mrs. Venema's costs and reasonable attorney fees pursuant to the FLSA;

E. Bode be ordered to pay any legal or equitable damages available to Mr. & Mrs. Venema;

F. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: August 1, 2024                           Respectfully Submitted,

*/s/   Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group PLLC

### REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiffs Amy and Timothy Venema, by and through their attorneys, and hereby requests a trial by jury.

Dated: August 1, 2024                           Respectfully Submitted,

*/s/   Robert Anthony Alvarez            .*
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group PLLC